**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** )<br><br>)<br>**Plaintiff,**  )<br><br>)<br>**v.**  )<br><br>)<br>**DARCARS of Frederick,**  )<br><br>)<br><br>)<br><br>)<br><br>)<br>**Defendant.**  )<br>_____) | **Civil Action No.**<br><br><br>**COMPLAINT AND<br>JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title I of the Americans With Disabilities Act of 1990, as amended ("ADA"), Title I of the Civil Rights Act of 1991, and the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), to correct unlawful employment practices on the basis of disability and age, and to provide appropriate relief to Charging Party Glen Quesenberry, who was adversely affected by such practices.  As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the Commission") alleges that Defendant DARCARS of Frederick,. ("Defendant") has committed disability and age discrimination in violation of the ADA and ADEA by discharging Glen Quesenberry because he was regarded as disabled, because of his known relationship to persons with known disabilities, and/or because of his age.

1

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3); Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) ("ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ( "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

PARTIES

3.      Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and the ADEA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705..

4.      At all relevant times, Defendant DARCARS of Frederick has continuously been doing business in the State of Maryland and the County of Frederick, and have continuously had at least

2

20 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h), and within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

6.     At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

<u>STATEMENT OF CLAIMS</u>

7.     More than thirty days prior to the institution of this lawsuit, Glen Quesenberry filed a charge of discrimination with the Commission alleging violations of the ADA and ADEA by Defendant DARCARS of Frederick, Inc.   All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     On or about September 2002, Defendant engaged in unlawful employment practices at its facility in Frederick, Maryland in violation of Sections 102(a), (b)(1) & (b)(4) of the ADA, 42 U.S.C. §§ 12112(a), (b)(1) & (b)(4), and Sections 4(a)(1) & (a)(2) of the ADEA, 29 U.S.C. § 623(a)(1) & (a)(2).

9.     On or about November 2002, Defendant discharged Glen Quesenberry because it regarded him as having a disability, and/or because of his known relationship to persons with known disabilities, and/or because of his age (56 years).

3

10.     The effect of the practices complained of in paragraphs 8-9, above, has been to deprive Glen Quesenberry of equal employment opportunities and otherwise adversely affect his status as an employee because of disability, known relationship to persons with known disabilities, and age.

11.     The unlawful employment practices complained of in paragraphs 8-9, above, were intentional.

12.     The unlawful employment practices complained of in paragraphs 8-9, above, were done with malice or with reckless indifference to the federally protected rights of Glen Quesenberry.

13.     The unlawful employment practices complained of in paragraphs 8-9, above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in disability and age discrimination, including discharge, and any other employment practice which discriminates on the basis of disability or age.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons and persons age 40 and older, and which eradicate the effects of their past and present unlawful employment practices, including but not limited to maintaining a policy that prohibits disability and age discrimination and conducting employee training regarding such policy.

4

C.    Order Defendant to pay Glen Quesenberry appropriate back pay in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D.    Order Defendant to make whole Glen Quesenberry by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9-10, above, in amounts to be determined at trial.

E.    Order Defendant to make whole Glen Quesenberry by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 9-10, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

F.    Order Defendant to pay Glen Quesenberry punitive damages for the malicious and reckless conduct described in paragraphs 8-9, above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.


JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


_____/s/_____
GERALD S. KIEL (Bar No. 07770)
Regional Attorney
EEOC-Baltimore District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 962-4207
Facsimile number: (410) 962-4270/2817


_____/s/_____
TRACY HUDSON SPICER (Bar No.08671)
Supervisory Trial Attorney
EEOC-Baltimore District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 962-4623
Facsimile number: (410) 962-4270/2817